**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CAROLYN NEWMAN,<br><br>           Plaintiff,<br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social<br>Security Administration,<br><br>           Defendant. | No.  EDCV 10-01013 (CW)<br><br>DECISION AND ORDER |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I.  BACKGROUND**

Plaintiff Carolyn Newman was born on September 24, 1965, and was forty-three years old at the time of her latest administrative hearing. [Administrative Record ("AR") 23, 47.]  Plaintiff has an eleventh grade education and past relevant work experience as a

1

cashier, assembly line worker, machine operator, and bus cleaner. [AR 23, 16.] Plaintiff alleges disability on the basis of a nervous breakdown, depression, and bipolar disorder. [AR 110.]

## II. PROCEDURAL HISTORY

On October 31, 2007, Plaintiff filed a Title XVI application for supplemental security income ("SSI"), and a Title II application for a period of disability and disability insurance benefits. Both applications alleged disability since March 27, 2004. [AR 169, 176.] After the applications were denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on June 18, 2009, before an Administrative Law Judge ("ALJ"). [AR 19.] Plaintiff appeared with counsel, and testimony was taken from Plaintiff and a vocational expert. [AR 20.] The ALJ denied benefits in a decision filed on September 10, 2009. [AR 18.] When the Appeals Council denied review on June 12, 2010, the ALJ's decision became the Commissioner's final decision. [AR 1.]

The present complaint was lodged on July 13, 2010, and filed on July 16, 2010. On January 13, 2011, Defendant filed an answer and Plaintiff's Administrative Record ("AR"). On March 22, 2011, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the

court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### IV. DISCUSSION

#### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

>Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v.

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that Plaintiff had "severe" impairments, namely obesity and depression with auditory hallucinations (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 11.] Plaintiff was found to have an RFC to perform less than a full range of light work, including the following: lift and/or carry twenty pounds occasionally and ten pounds infrequently; stand and/or walk for up to six hours in an eight-hour workday; sit for six hours in an eight hour workday; occasional postural activities such as bending, stooping, kneeling, and crouching; and simple repetitive tasks up to two steps in a non-public work setting. [AR 13.] The ALJ determined that Plaintiff's RFC precluded her from performing her past relevant work (step four). [AR 16.] The ALJ adopted the testimony of the vocational expert, who testified that a person with Plaintiff's RFC could perform work as a hand packer, which exists in significant numbers in the national economy (step five). [AR 17.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [AR 18.]

### C. ISSUES IN DISPUTE

The parties' Joint Stipulation sets out the following disputed

---

Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

issues:

    1.    Whether the ALJ properly determined Plaintiff capable of performing "other work" as a hand packer; and

    2.    Whether the ALJ properly considered the treating psychiatrist's opinion.

[JS 2-3.]

As discussed below, Issue One is dispositive.

**D.    DISCUSSION**

**Background**

On May 1, 2008, Dr. Leo Gottschalk completed a mental RFC ("MRFC") assessment which stated, in pertinent part, that Plaintiff is able to perform tasks involving one to two steps, so long as she is not required to have significant, close, coordinated interactions with the public. [AR 284.]

At the administrative hearing on June 18, 2008, the ALJ posed a hypothetical to the vocational expert that reflected these limitations. The vocational expert responded that such a person could perform work as a hand packer (Dictionary of Occupational Titles ("DOT") Code 753.687-038). [AR 40-41.] The ALJ asked the vocational expert whether the testimony was consistent with the DOT, and the vocational expert responded affirmatively. [AR 42.] The ALJ adopted the vocational expert's testimony to find that Plaintiff is not disabled.

**DOT Reasoning Levels**

Plaintiff asserts that the ALJ erred in finding that she could perform work as a hand packer, as the job would require her to function at a Reasoning Level of "two." [JS 3-6.] Plaintiff argues that this is inconsistent with the ALJ's RFC determination that she is

6

limited to no more than two steps of instructions, which is equivalent to a Reasoning Level of "one."

Plaintiff's limitation to simple one and two part instructions is consistent with a reasoning level of "one."  See Meissl v. Barnhart, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005)(DOT describes Level One reasoning as ability to "[a]pply commonsense understanding to carry out simple one or two step instructions" in "standardized situations with or no variables"); Grigsby v. Astrue, No. EDCV 08-1413 AJW, 2010 WL 309013 at *4 (C.D. Cal. Jan. 22, 2010)("The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning.").

Where an ALJ uses comparable language limiting a Plaintiff to "simple repetitive tasks involving two steps of instruction," concluding that a Plaintiff is capable of performing jobs requiring a higher reasoning level is erroneous. Coleman v. Astrue, 2011 WL 781930, *5 (C.D. Cal. Feb. 28, 2011).  Because the DOT applies a reasoning level of "two" to work as a hand packer, the record indicates that the job cited by the Commissioner at step five would fall outside the scope of Plaintiff's RFC, unless the conflict between the vocational expert's testimony and the DOT description was explained.  See DOT 753.687-038.

**Unexplained Deviation from the DOT**

Plaintiff further asserts that this conflict remained unexplained because "[n]either the ALJ nor the VE provided reasons for the inconsistencies and deviating from the expressed requirements of the DOT." [JS 6.]  Accordingly, Plaintiff argues that the ALJ's decision at step five was based on reversible error.

At step five of the sequential evaluation, the burden of proof

shifts to the Commissioner to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite his identified limitations. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). One method of demonstrating the existence of these jobs is through the testimony of a vocational expert, who can assess the effect of any limitation on the range of work at issue, identify jobs which are within the RFC, if they exist, and provide a statement of the incidence of such jobs in the region where the claimant lives or in several regions of the country. Social Security Ruling ("SSR") 83-12, 1983 WL 31253 at *3.

Pursuant to Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 at *4, when a vocational expert provides evidence about the requirements of a job or occupation, the ALJ has "an affirmative responsibility to ask about any possible conflict" between that testimony and the Dictionary of Occupational Titles and to obtain a reasonable explanation for any conflict. In light of the requirements of SSR 00-4p, the Ninth Circuit has held that an ALJ may not rely on a vocational expert's testimony without first inquiring whether the testimony conflicts with the Dictionary of Occupational Titles. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007).

Neither the DOT nor the testimony of the vocational expert "automatically 'trumps' when there is a conflict." Id. at 1153 (quoting SSR 00-4p, at *4). Accordingly, the ALJ must first determine whether a conflict exists. Id. If it does, the ALJ "must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles." Id.

In this case, the record indicates that the vocational expert's

testimony that Plaintiff could perform work as a hand packer raised a conflict with Plaintiff's limitation to simple, repetitive tasks with no more than two steps. Although the ALJ asked the vocational expert whether this testimony was consistent with the DOT, and the vocational expert responded affirmatively, there was no acknowledgment by the vocational expert of a potential conflict, much less an explanation for it. See Id. at 1153 (noting that SSR 00-4p requires that "the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the [DOT]"). In the absence of any clear evidence in the record to support the deviation, the court "cannot determine whether the ALJ properly relied on [the vocational expert's] testimony." Id. at 1154. Under these circumstances, remand for redetermination of Plaintiff's ability to perform other work in the national economy is appropriate. See Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000)(where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).[2]

//
//
//
//
//

---

[2] The remaining issue raised by Plaintiff in the Joint Stipulation would not direct a finding of disability on the basis of the current record.

**V. ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: April 15, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge

10